By the Court,
Bronson, J.
Whether the injunction was properly issued or not, is a question for the court of chancery. Assuming that it was regular, and that the money is stayed in the hands of the sheriff, we are still of opinion that there was a good redemption by Addington. He made an unconditional payment of the amount of the bank judgment, and the sheriff received and receipted the money before the injunction was « served. The redemption was then complete, and the subse *591 quent service of' process to stay the money in the hands of the ' sheriff could not undo what had already been well done. It is not like the case of a tender trammelled with conditions, or an offer of payment without parting with the money. Addington put the money entirely beyond his own control. The sheriff received and now holds it for Newell, and is answerable for its safe keeping in the same manner as though the injunction had not been served. Should the chancery suit be decided in favor of the defendant, or the injunction be dissolved, Newell will then receive the full amount of his judgment; and he can only fail of obtaining the money because a court having cognizance of the matter may decide that the judgment had been satisfied prior to the redemption.
The money which Newell paid on redeeming from Brisbane is in the sheriff’s hands, ready for Newell whenever he chooses to ask for it. The sheriff also has the money to pay the bank judgment, which Newell will receive in due time, unless it should be found that the' judgment had been satisfied, and so was not a lien on the land.
Motion denied.